UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERGREEN MEDIA HOLDINGS, LLC and TONY DEROSA-GRUND<br><br>Plaintiffs,<br><br>v.<br><br>CONCORD MUSIC GROUP, INC., STUART BENJAMIN PRODUCTIONS, INC. STUART BENJAMIN and MATTHEW BENJAMIN<br><br>Defendants. | Civil Action No.<br><br>**14 CIV. 9616**<br><br>JURY TRIAL DEMANDED<br>JUDGE ROMAN |

## COMPLAINT

Plaintiffs, EVERGREEN MEDIA HOLDINGS, LLC and TONY DEROSA-GRUND (collectively "Plaintiffs"), for their Complaint against Defendants, CONCORD MUSIC GROUP, INC., STUART BENJAMIN PRODUCTIONS, INC., STUART BENJAMIN and MATTHEW BENJAMIN (collectively, "Defendants"), by and through their attorneys Grimes LLC, allege as follows:

## NATURE OF THE ACTION

1. This is an action for tortious interference with a contract/business expectancy and declaratory judgment.

## THE PARTIES

2. Plaintiff Evergreen Media Holdings, LLC ("Evergreen"), is a Texas limited liability company with its principal place of business in Montgomery County, Texas.

3. Plaintiff Tony DeRosa-Grund ("Mr. DeRosa-Grund") is an individual residing in Montgomery County, Texas. Mr. DeRosa-Grund is a motion picture producer and the Executive Chairman of Evergreen.

4. Defendant Concord Music Group, Inc. ("Concord") is a Delaware corporation with a business address at 100 N. Crescent Drive, Garden Level, Beverly Hills, California 90210. Concord is a New York foreign corporation (Department Of State ID# 3488561).

5. Defendant Stuart Benjamin Productions, Inc. ("SBP") is a California corporation with a business address at 10451 Valley Spring Lane, Toluca Lake, California 91602. SBP transacts business in, conducts business in and directs acts toward New York.

6. Defendant Stuart Benjamin is an individual and, upon information and belief, the CEO and/or President of SBP. Upon information and belief, Stuart Benjamin is a Broadway producer and transacts business in, conducts business in and directs acts toward New York.

7. Defendant Matthew Benjamin is an individual residing in and a citizen of New York.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 2201, *et seq.* (declaratory judgment act) and 28 U.S.C. § 1367 (supplemental jurisdiction over state claims).

9. Personal jurisdiction over the non-resident Defendants is proper because, *inter alia*, this lawsuit: (i) arises from acts and/or transactions occurring within and/or directed towards New York; (ii) is connected with acts and/or transactions occurring within and/or directed towards New York; and/or (iii) relates to the purposeful acts and/or transactions of the non-resident Defendants, and those purposeful acts occurred within and/or were directed towards

New York. The assumption of jurisdiction by this Court of the Defendants does not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because, *inter alia*, a substantial part of the acts complained of herein occurred in this jurisdiction.

## FACTS COMMON TO ALL COUNTS

11. This action concerns the right to use and exploit the publishing rights in relation to legitimate stage productions (e.g., a Broadway stage production) with regards to certain iconic songs written by artists signed to the legendary Stax Records label ("Stax Records").

12. Upon information and belief, Concord holds the exclusive rights to the physical masters of certain Stax Records sound recordings.

13. However, it is Rondor Music International, Inc. (a Universal Music Group company) ("Rondor") that holds the exclusive publishing rights to the vast majority, e.g., approximately ninety-nine percent (99%), of Stax Records' catalog of iconic songs written by artists signed to Stax Records, including, but not limited to, Otis Redding and Isaac Hayes (collectively, the "Compositions").

14. Accordingly, Rondor -- and not Concord -- has the exclusive rights to license the publishing rights to said Compositions to third-parties and to otherwise use or exploit the Compositions for, among other things, legitimate stage productions (e.g., a Broadway musical production). In order for a legitimate stage musical to be produced using the Compositions, it requires, in any and all circumstances, the grant of the publishing rights for the Compositions. Rondor controls said publishing rights and at no time did Rondor grant those publishing rights to Defendants.

15. In or about June 17, 2014, Rondor entered into an agreement with Plaintiffs whereby Plaintiffs were granted exclusive rights to use the Compositions in connection with a theatrical motion picture and a stage musical based on the aforementioned theatrical motion picture (the "Rondor-Evergreen Agreement").

16. Prior to entering into the Rondor-Evergreen Agreement with Plaintiffs, Rondor and Defendants discussed a potential agreement involving the use of the Compositions in a stage musical. During those discussions, Defendants indicated to Rondor that Concord was going to issue a public statement/press release announcing the fact that Defendants, in cooperation with Rondor and based on Rondor's rights, would be bringing the Compositions to Broadway, i.e., in a stage musical, even though an agreement had not yet been reached between Defendants and Rondor. Rondor admonished Defendants not to issue any such public statement/press release.

17. Defendants and Rondor never reached an agreement and, instead, Rondor entered into the Rondor-Evergreen Agreement with Plaintiffs. Rondor directly informed Defendants, and/or, at least Concord and Concord's counsel, that Rondor was entering into the Rondor-Evergreen Agreement. Thus, at all times relevant hereto, Defendants have been explicitly aware of the Rondor-Evergreen Agreement and the fact that Plaintiffs have the exclusive right to use the Compositions in connection with a theatrical motion picture and a stage musical based on the aforementioned theatrical motion picture and that Defendants do not have any such rights.

18. Notwithstanding the fact that Defendants knew that Rondor had entered into the Rondor-Evergreen Agreement with Plaintiffs and that Defendants had no right to produce a stage musical incorporating the Compositions, as Rondor has vested those publishing rights with

Evergreen, on or about July 19, 2014, Defendants issued, and/or caused to be issued, a public statement/press release announcing, in relevant part, that:

> [Concord] and Academy Award-nominated and GRAMMY Award-winning producer Stuart Benjamin have begun development of a musical production based on the dramatic story of iconic soul music label Stax Records. The Book will be written by Matthew Benjamin with a Spring 2016 Broadway premiere target.

A true and correct copy of one of Defendants' public statements/press releases incorporating the above-referenced quote is attached hereto as **Exhibit A**. In another iteration of the public statement/press release, Defendants announced, in relevant part, that:

> [Concord] and producer Stuart Benjamin are reviving the impressive Stax Records catalog with a Broadway musical based on the story of the iconic soul music label.

A true and correct copy of one of Defendants' public statements/press releases incorporating the above-referenced quote is attached hereto as **Exhibit B**.

19. Concord's public statements and/or press releases were widely picked-up by and distributed through mainstream and local media and press outlets, including in such publications as *The Hollywood Reporter*, *Broadway.com* and the *Los Angeles Times*.

20. Defendants have no right to use the Compositions in connection with a stage musical production as such rights belong solely and exclusively to Plaintiffs pursuant to the Rondor-Evergreen Agreement. In an attempt to set the record straight and to mitigate damages caused by the improper public statements of Defendants, Rondor provided Plaintiffs with a statement for dissemination which confirms the allegations made herein by Plaintiffs. A true and correct copy of this statement is attached hereto as **Exhibit C**.

21. Defendants' acts have been willful insofar as Defendants were aware of the Rondor-Evergreen Agreement and the fact that, pursuant to the Rondor-Evergreen Agreement, Plaintiffs have the exclusive right to use the Compositions in connection with a theatrical motion picture and a stage musical based on the theatrical motion picture.

22. As a result of Defendants' actions, e.g., issuing the public statements/press releases and creating or producing a stage musical based on rights that do not belong to Defendants, but rather, to Plaintiffs, Plaintiffs are being damaged. Indeed, as an example, Defendants' actions have scared away financial investors and made it virtually impossible for Plaintiffs to pursue the fruits of the Rondor-Evergreen Agreement.

23. Moreover, Defendants' actions have caused so much confusion among the general public and in the entertainment industry that a "cloud" has been cast on the chain of title to the Compositions and upon Plaintiffs' rights thereto which has injured Plaintiffs' ability to develop a theatrical motion picture and/or stage musical pursuant to the Rondor-Evergreen Agreement.

24. As a result of the aforesaid conduct, Plaintiffs have been -- and continue to be -- damaged.

## COUNT I: TORTIOUS INTERFERENCE WITH CONTRACT AND/OR BUSINESS EXPECTENCY

25. Plaintiffs incorporate herein, by reference, the same as if set forth at length verbatim, the factual allegations contained herein above.

26. At all relevant times, there was a valid, existing contract between Plaintiffs and Rondor, namely, the Rondor-Evergreen Agreement. Defendants knew of the existence of the Rondor-Evergreen Agreement, as well as the contents, terms and conditions thereof, i.e., the fact

that the Rondor-Evergreen Agreement granted to Plaintiffs the exclusive right to use the Compositions in connection with a theatrical motion picture and a stage musical based on the theatrical motion picture.

27. Among other things, Defendants have interfered with the Rondor-Evergreen Agreement by: (i) engaging in publicly reported steps to create, develop and/or produce a stage musical based on rights that do not belong to Defendants; and (ii) issuing a public statement misrepresenting to the public (and to potential investors, etc.) that Defendants have the right to use the Compositions instead of Plaintiffs.

28. Defendants have acted improperly, with malice and in conscious and deliberate disregard to the rights and/or interests of Plaintiffs.

29. As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT II: DECLARATORY JUDGMENT

30. Plaintiffs incorporate herein, by reference, the same as if set forth at length verbatim, the factual allegations contained herein above.

31. An actual and justiciable controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights in connection with the Compositions. Plaintiffs contend that, pursuant to the Rondor-Evergreen Agreement, Plaintiffs have the exclusive right to use the Compositions in connection with a theatrical motion picture and a stage musical based on the theatrical motion picture.

32. Accordingly, pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that: (i) Plaintiffs have the exclusive right to use the Compositions in connection with a

theatrical motion picture and/or a stage musical based on the theatrical motion picture; and (ii) Defendants have no right to use the Compositions in connection with a stage musical or any other production.

WHEREFORE, Plaintiffs, EVERGREEN MEDIA HOLDINGS, LLC and TONY DEROSA-GRUND, respectfully request that the court grant them the following relief against Defendants, CONCORD MUSIC GROUP, INC., STUART BENJAMIN PRODUCTIONS, INC., STUART BENJAMIN and MATTHEW BENJAMIN:

1. For a preliminary and permanent injunction restraining Defendants, their officers, agents, servants and employees, and all persons in active concert or participation with Defendants or any of the foregoing, from:

    (a) exploiting any publishing rights with regard to the Compositions; and/or

    (b) using the Compositions in connection with a stage musical or any other production; and/or

    (c) interfering with the rights of the Plaintiffs, including, but not limited to, interfering with the Rondor-Evergreen Agreement; and/or

    (d) making public statements and/or press releases concerning the exploitation of the publishing rights with regard to the Compositions, a stage musical or any other production with regard to the Compositions and/or Plaintiffs.

2. Awarding Plaintiffs their actual damages;

3. Awarding Plaintiffs damages for Defendants' tortious interference with Plaintiffs' contract with Rondor and/or with Plaintiffs' business expectancy;

4. Awarding Plaintiffs punitive damages in an amount to be set by the trier of fact;

5. Entering a declaratory judgment that: (i) Plaintiffs have the exclusive right to use the Compositions in connection with a theatrical motion picture and/or a stage musical based on the theatrical motion picture; and (ii) Defendants have no right to use the Compositions in connection with a stage musical or any other production;

6. Awarding Plaintiffs the maximum pre-judgment and post-judgment interest as allowed by law;

7. Awarding Plaintiffs any other remedy to which they may be entitled to as provided under applicable federal or state law; and

8. Awarding Plaintiffs such other and further relief as the Court might deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: December 4, 2014

Respectfully submitted,

By: _____
Michael R. Patrick, Esq. (MP7726)
*Of Counsel to GRIMES LLC*
PATRICK LLC
420 Lexington Avenue, Suite 300
New York, New York 10170
Tel: (212) 796-0460
Fax: (212) 796-0461
Email: michael@pllclaw.com

Charles W. Grimes (CG0899)
GRIMES LLC
200 West 57th Street, Suite 1403
New York, New York 10019
Tel: (914) 698-1305
Fax: (203) 849-9300

Email: grimes@gandb.com

*Attorneys for Plaintiffs Evergreen Media Holdings, LLC and Tony DeRosa-Grund*

# EXHIBIT A

HOME    ARTISTS    MUSIC VIDEOS    TOURDATES    LABELS    SIGN UP



| GO! | CHECK US OUT ON SPOTIFY ▶ | CONCORD MUSIC GROUP SPOTIFY PLAYLISTS |

## Stax Records to Get Broadway Treatment

**09 JUL 14 CONCORD MUSIC GROUP**

Concord Music Group and Academy Award-nominated and GRAMMY Award-winning producer Stuart Benjamin have begun development of a musical production based on the dramatic story of iconic soul music label Stax Records. The book will be written by Matthew Benjamin with a Spring 2016 Broadway premiere target.

The Stax Records saga—from its beginning in an old movie theater on East McLemore Avenue in Memphis, Tennessee, to its extraordinary rise as an international hit-making machine—is an indispensable chapter in American musical history. Amid the civil rights-era racial strife and deep-seated tensions of the late '50s and '60s, Stax's integrated artist roster and staff fundamentally shaped American soul music, spawning the careers of legendary recording artists, songwriters and producers, including Otis Redding, Isaac Hayes, Booker T. & the M.G.'s, The Staple Singers, Albert King, Johnnie Taylor, Eddie Floyd, William Bell, David Porter, Rufus and Carla Thomas, and Steve Cropper.

PERMALINK  •  EMAIL AUTHOR  •  RSS

### R&B, BLUES, SOUL & STAX RECENT RELEASES

 **Clarence Milton Bekker**
Old Soul

MORE INFO

 **Kenny Wayne Shepherd Band**
Goin' Home

MORE INFO

### R&B, BLUES, SOUL & STAX ESSENTIALS

 **James Hunter**
The Hard Way

MORE INFO

 **Ray Charles**
Genius Loves Company

MORE INFO


 **Isaac Hayes**
Hot Buttered Soul (Deluxe Edition)

MORE INFO

 **Booker T. & The M.G.'s**
Green Onions [Stax ...

MORE INFO

 **Little Richard**
Here's Little Richard [Remastered ...

MORE INFO

 **The Emotions**
Chronicle: Greatest Hits

MORE INFO


 **Otis Redding**
Remember Me

MORE INFO

 **The Staple Singers**
Be Altitude: Respect ...

MORE INFO

 **Various Artists**
Wattstax: The Living Word

MORE INFO

 **Isaac Hayes**
The Very Best Of Isaac Hayes

MORE INFO

 **John Lee Hooker**
That's My Story

MORE INFO

 **Shirley Brown**
Woman to Woman [Stax Remasters]

MORE INFO

**BROWSE** R&B, BLUES, SOUL & STAX **ARTISTS**

Show Artists by Genre: **R&B, Blues, Soul & Stax**

Jobs & Internships

About CMG | Press Room | Help

Labels: Concord Jazz | Concord Picante | Concord Records | Contemporary | Fantasy | Good Time Jazz | Heads Up | Hear Music | Monterey Jazz Festival Records | Milestone | Original Blues Classics | Original Jazz Classics | Pablo | Peak Records | Prestige | Prestige Folklore | Riverside | Rounder | Specialty | Stax | Stretch Records | Takoma | Telarc

© 2014 Concord Music Group, Inc. unless otherwise indicated. All rights reserved. Please read our Privacy Policy.

# EXHIBIT B

# hypebot

digital music and the music business





Home
D.I.Y.
Music Tech
Social Media
Music Biz
More News
MusicThinkTank

## Concord Music To Take Stax Records To Broadway


Long popular in the online world, content repositioning has found its way into the mainstream music industry. Concord Music Group and producer Stuart Benjamin are reviving the impressive Stax Records catalog with a Broadway musical based on the story of the iconic soul music label.

The story will be written by Matthew Benjamin with a Spring 2016 Broadway premiere is targeted.

The Stax Records saga, from its beginning in an old movie theater on East McLemore Avenue in Memphis, Tennessee, to its rise as an international hit-making machine, is an indispensable chapter in American musical history.

Amid the civil rights-era racial strife and deep-seated tensions of the late 50's and 60's, Stax's integrated artist roster and staff fundamentally shaped American soul music, spawning the careers of recording artists, songwriters and producers such as Otis Redding, Isaac Hayes, Booker T. & the MG's, The Staple Singers, Albert King, Johnnie Taylor, Eddie Floyd, William Bell, David Porter, Steve Cropper, Rufus and Carla Thomas, just to name a few.

Related articles

    

| Concord Music Group Sold To Wood Creek Capital | Muzeek Receives $250,000 Seed Investment | Soul Serenade: Eddie Floyd, "Big Bird" | Respect Yourself: Stax Records and the Soul Explosion by | Booker T bassist Donald Dunn dies |

Like  9   Tweet   Reddit   StumbleUpon   ShareThis

 Bruce Houghton on 07/10/2014 in Indie Labels, Music Business | Permalink

## Comments

You can follow this conversation by subscribing to the comment feed for this post.



This is a awesome. I had a chance to visit the Stacy Museum in Memphis last month and it was a wonderful experience.

Posted by: kelland | 07/11/2014 at 12:59 AM

### Verify your Comment

### Previewing your Comment

Posted by: |
This is only a preview. Your comment has not yet been posted.



Your comment could not be posted. Error type:
Your comment has been posted. Post another comment
The letters and numbers you entered did not match the image. Please try again.
As a final step before posting your comment, enter the letters and numbers you see in the image below. This prevents automated programs from posting comments.
Having trouble reading this image? View an alternate.



Contact
Twitter
Advertise
Music Think Tank
Skyline Music
Jobs Board

# EXHIBIT C

# RONDOR MUSIC INTERNATIONAL
*Almo / Irving Music*

August 1, 2014

Re:  Stage Musical Regarding Stax Records

To Whom It May Concern:

Please allow this letter clarify any confusion that may have occurred as a result of the recent announcement by Concord Music Group ("Concord") that it is developing a Broadway-bound stage musical based on the "story of the rise of the Stax Records label" ("Concord Theatrical Musical").

Rondor Music International, Inc. (a Universal Music Group company) ("Rondor") holds the exclusive publishing rights to the vast majority of the iconic songs written by such Stax Records artists as Otis Redding, Isaac Hayes and Booker T. & the M.G.s, including, without limitation, *(Sittin' On) The Dock Of The Bay, Respect, Knock On Wood, Born Under A Bad Sign,* and *Theme From Shaft*.

Rondor has the exclusive rights to license such compositions for all mediums, and has, in fact, entered into an exclusive agreement with Tony DeRosa-Grund and Evergreen Media Group, LLC in connection with a motion picture (and a stage musical based thereon) which is to feature such musical compositions.

Rondor has not entered into any agreement with Concord for the use of Rondor's compositions in connection with a Concord Theatrical Musical.

Should you have any questions or concerns about the rights to these compositions, please feel to contact our office at any time.

Sincerely,

Lance Freed
President

A UNIVERSAL MUSIC GROUP COMPANY
2110 Colorado Avenue, Suite 100, Santa Monica, California 90404-3504, Telephone 310.235.4800  Facsimile 310.235.4801